THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By THOMAS D. BUNTON, Senior Deputy (SBN 193560)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531- 6456
Email: thomas.bunton@sdcounty.ca.gov

Attorneys for Thomas Montgomery, in his official capacity
as County Counsel for San Diego County

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; PREGNANCY CARE CENTER d/b/a PREGNANCY CARE CLINIC, a California corporation; and FALLBROOK PREGNANCY RESOURCE CENTER,<br><br>          Plaintiffs,<br><br>          v.<br><br>KAMALA HARRIS, in her official capacity as Attorney General for the State of California; THOMAS MONTGOMERY, in his official capacity as County Counsel for San Diego County; MORGAN FOLEY, in his official capacity as City Attorney for the City of El Cajon, CA; and EDMUND G. BROWN, JR., in his official capacity as Governor of the State of California,<br><br>          Defendants. | Case No. 15CV2277 JAH DHB<br>Action Filed:  October 13, 2015<br><br>DEFENDANT THOMAS MONTGOMERY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS<br><br>Date:   January 11, 2016<br>Time:  2:30 p.m.<br>Courtroom 13B (13th Floor - Carter/Keep)<br>The Honorable John A. Houston |

TOPICAL INDEX

PAGE

TABLE OF AUTHORITIES ........................................................................ ii

I     INTRODUCTION ................................................................. 1

II    ALLEGATIONS IN THE COMPLAINT ................................ 3

III   THE COMPLAINT IS NOT CONSTITUTIONALLY RIPE FOR
REVIEW BECAUSE PLAINTIFFS DO NOT ALLEGE THAT
THERE IS A GENUINE THREAT THAT THE COUNTY
COUNSEL WILL FILE A CIVIL ACTION AGAINST THEM ........................ 5

       A.    No Concrete Plan to Violate the Act is Alleged ................................ 6

       B.    No Specific Threat of Enforcement is Alleged................................ 7

       C.    There is No History of Enforcement Under the Act ......................... 9

IV   THIS COURT SHOULD EXERCISE ITS DISCRETION AND
DECLINE TO HEAR PLAINTIFFS' CONSTITUTIONAL
CHALLENGE NOW ................................................................ 9

V    CONCLUSION ...................................................................... 11

1

# TABLE OF AUTHORITIES

2

PAGE

3

## CASES

4

*Baldwin v. Sebelius*, 654 F.3d 877 (9th Cir. 2011) ................................................. 5

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 6

6

*Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000)

7

    (en banc) ................................................................................................. *passim*

8

## STATUTORY AND REGULATORY AUTHORITY

9

California Constitution

    Article I, § 2(a) ........................................................................................ 4

10

Federal Rules of Civil Procedure

11

    rule 12(b)(6) ............................................................................................ 1

12

42 United States Code

    section 238n .............................................................................................. 5

13

U.S. Constitution

14

    Article III ....................................................................................... 1, 5, 6, 9

    First Amendment .................................................................................... 4, 5

15

16

## OTHER

17

California Assembly Bill 775 (the Reproductive FACT Act) ................................ *passim*

    § 123472(a) .......................................................................................... 3-4

18

    § 123472(a)(1) ...................................................................................... 3, 4

    § 123472(a)(2) .......................................................................................... 4

19

    § 123472(b)(1) .......................................................................................... 3

    § 123472(b)(3) .......................................................................................... 3

20

    § 123473(a) .............................................................................................. 7

21

22

23

24

25

26

27

28

1   Defendant Thomas Montgomery, in his official capacity as County Counsel for

2   San Diego County ("County Counsel"), submits the following memorandum of points

3   and authorities in support of his Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)

4   motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim

5   upon which relief can be granted.

6   **I.       INTRODUCTION.**

7   Plaintiffs challenge the constitutionality of California Assembly Bill 775, which is

8   titled the Reproductive FACT Act (the "Reproductive FACT Act" or the "Act").  The Act

9   goes into effect on January 1, 2016.   Plaintiffs' complaint should be dismissed without

10  leave to amend because this lawsuit is not ripe and therefore this Court lacks subject

11  matter jurisdiction under Article III of the Constitution.  This Court should also exercise

12  its discretion not to retain jurisdiction over this case under the prudential component of

13  the ripeness doctrine.

14  The Ninth Circuit has held that in order to satisfy Article III's "case or

15  controversy" requirement "there must be a genuine threat of imminent prosecution"

16  under the challenged statute.  *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d

17  1134, 1139 (9th Cir. 2000) (en banc) (internal quotations marks omitted).  "[N]either the

18  mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies

19  the 'case or controversy' requirement."  *Id.* (citation omitted).  Rather, "[i]n evaluating

20  the genuineness of a claimed threat of prosecution, [the Ninth Circuit] look[s] to whether

21  the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the

22  prosecuting authorities have communicated a specific warning or threat to initiate

23  proceedings, and the history of past prosecution or enforcement under the challenged

24  statute."  *Id.*

25  Plaintiffs' complaint does not allege a "genuine threat of imminent prosecution"

26  that satisfies the three factor test established by the Ninth Circuit.  First, plaintiffs'

27  complaint does not allege a "concrete plan" to violate the Reproductive FACT Act.  The

28  complaint alleges in conclusory fashion that plaintiffs "intend to not comply with the

Act." (Complaint, at ¶ 123.) This is a far cry from alleging a concrete plan to violate the Act. Second, the complaint does not allege that the County Counsel has warned or threatened to file a civil enforcement against the Fallbrook Pregnancy Resource Center (the only facility over which the County Counsel has enforcement authority) for violating the Reproductive FACT Act. Plaintiffs collectively allege that the mere "[p]assage of the Act into law represents an imminent, concrete and reliable threat that Defendants will enforce the Act against Plaintiff Facilities." (Complaint, at ¶ 145.) The Ninth Circuit, however, has rejected this position. *Thomas*, 220 F.3d at 1139 ("[Plaintiffs'] argument is essentially another way of saying that the mere existence of a statute can create a constitutionally sufficient direct injury, a position that we have rejected before and decline to adopt now. Rather, there must be a genuine threat of imminent prosecution.") (internal quotation marks and citations omitted). Third, because the Reproductive FACT Act is new, plaintiffs do not and cannot allege any history of enforcement under the Act that would support a contention that the County Counsel is likely to enforce the Act against the Fallbrook Pregnancy Resource Center.

Because under the three part test articulated by the Ninth Circuit the complaint does not adequately allege a "genuine threat of imminent prosecution," plaintiffs' claims are not ripe for review and this Court lacks jurisdiction to consider them.

Moreover, even if plaintiffs could satisfy the constitutional component of the ripeness inquiry, this Court should decline to exercise jurisdiction for prudential reasons. "In evaluating the prudential aspects of ripeness, [the court's] analysis is guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Thomas*, 220 F.3d at 1141 (internal quotation marks and citations omitted). Here, the issues raised in the complaint are unfit for judicial decision because the County Counsel has not warned or threatened to bring a civil enforcement action against the Fallbrook Pregnancy Resource Center. Therefore, there has not been sufficient factual development of the constitutional issues presented in this lawsuit. Plaintiffs also will not suffer hardship if the Court declines to exercise

15cv2277

jurisdiction over this case because they cannot be criminally prosecuted for violating the Reproductive FACT Act – they are only subject to civil penalties.  Indeed, plaintiffs would not have to wait until the County Counsel commenced a civil proceeding against them before they would have ripe claims.  Rather, their claims would be ripe if they were commenced after the County Counsel provided the notice of non-compliance required by the Reproductive FACT Act.  The County Counsel could not commence a civil action against plaintiffs for at least 30 days after the notice of non-compliance was issued, which would give plaintiffs sufficient time to file a lawsuit and seek a temporary restraining order or preliminary injunction.

## II.     ALLEGATIONS IN THE COMPLAINT.

The Reproductive FACT Act was signed by California Governor Jerry Brown on October 9, 2015 and becomes effective on January 1, 2016.  (Complaint, at ¶¶ 1, 13.) The Act requires licensed medical pregnancy centers such as plaintiff Pregnancy Care Clinic to post or distribute a notice stating that "California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women.  To determine whether you qualify, contact the county social services office at [insert the telephone number]."  (Ex. A to Complaint, at § 123472(a)(1).)

The Reproductive FACT ACT requires unlicensed non-medical pregnancy centers, such as plaintiff Fallbrook Pregnancy Resource Center to post a notice stating that "[t]his facility is not licensed as a medical facility by the State of California and has no licensed medical provider who provides or directly supervises the provision of services."  (Ex. A to Complaint, at § 123472(b)(1).)  This notice must be included with any advertising material distributed by unlicensed non-medical pregnancy centers.  (Ex. A to Complaint, at § 123472(b)(3).)

Only civil penalties -- not criminal sanctions -- may be imposed for violating the Reproductive FACT Act.  (Ex. A to Complaint, at § 123473(a).)  The California Attorney has authority to enforce the Act throughout California.  (Ex. A to Complaint, at

15cv2277

§ 123473(a).)  If a facility is in an incorporated city, the city attorney of that city also has authority to enforce the Act.  (Ex. A to Complaint, at § 123473(a).)  A county counsel has authority to enforce the Act if the facility in located in an unincorporated county, not an incorporated city.  (Ex. A to Complaint, at § 123473(a).)

Before bringing an action for civil penalties, the Attorney General, city attorney or county counsel must (1) "[p]rovide[ ] the covered facility with reasonable notice of noncompliance, which informs the facility that it is subject to a civil penalty if it does not correct the violation within 30 days from the date the notice is sent to the facility" and (2) "[v]erify[ ] that the violation was not corrected within the 30-day period described" above.  (Ex. A to Complaint, at § 123473(a)(1) and (2).)

Plaintiff Pregnancy Care Center is a "licensed" facility within the meaning of the Act and is located in the incorporated City of El Cajon.  (Complaint, at ¶¶ 20, 30.)  Plaintiff Fallbrook Pregnancy Resource Center is an unlicensed facility within the meaning of the Act and is located in the unincorporated County of San Diego.  (Complaint, at ¶¶ 5, 22.)  Plaintiff National Institute of Family and Life Advocates is a "national non-profit pro-life membership organization with 111 affiliates in California."  (Complaint, at ¶ 2.)  None of those 111 affiliates, other than Fallbrook Pregnancy Resource Center, is located in the unincorporated County of San Diego.  (Complaint, at ¶ 2.)

Plaintiffs allege that the required disclosure statements constitute compelled speech in violation of the free speech clause of the First Amendment and Article I, Section 2(a) of the California Constitution.  Plaintiffs also allege that the disclosures required by the Reproductive FACT Act violate the free exercise of religion clause of the First Amendment because "[f]orcing Plaintiff Facilities to recite the Act's disclosures substantially burdens the exercise of religious beliefs of Plaintiff Facilities, undermining their pro-life message and the way in which they promote that message in pursuit of their religious beliefs."  (Complaint, at ¶ 183.)

///

-4-

Plaintiff Fallbrook Pregnancy Resource Center and plaintiff National Institute of Family and Life Advocates on behalf of its unlicensed facilities located in California, but outside San Diego County, allege that their due process rights were violated because the definition of "unlicensed covered facility" in the Act is unconstitutionally vague.

Plaintiff Pregnancy Care Center and plaintiff National Institute of Family and Life Advocates on behalf of its licensed facilities located in California, but outside San Diego County, also allege that the Act conflicts with a federal statute – 42 U.S.C. section 238n.

## III.   THE COMPLAINT IS NOT CONSTITUTIONALLY RIPE FOR REVIEW BECAUSE PLAINTIFFS DO NOT ALLEGE THAT THERE IS A GENUINE THREAT THAT THE COUNTY COUNSEL WILL FILE A CIVIL ACTION AGAINST THEM.

Plaintiffs' "pre- enforcement" challenge to the Reproductive FACT Act is premature and therefore not ripe for review.  In order to satisfy Article III's "case or controversy" requirement, "there must be a genuine threat of imminent prosecution" under the challenged statute.  *Thomas*, 220 F.3d at 1139 (internal quotation marks and citation omitted).[1]  *Accord Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011) ("Neither has Baldwin raised a justiciable pre-enforcement challenge to the Act, for he has not established a genuine threat of imminent prosecution as we require.") (citation and internal quotation marks omitted).  "In evaluating the genuineness of a claimed threat of prosecution, [the Ninth Circuit] look[s] to whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past

---

[1] *Thomas* involved claims similar to those in this lawsuit.  In that case, two landlords challenged an Alaska state statute and a City of Anchorage ordinance that prohibited landlords from refusing to rent to tenants based on their marital status.  The landlords challenged the laws alleging causes of action for violation of the free exercise and free speech clauses of the First Amendment.  The plaintiffs in that case were "devout Christians who are committed to carrying out their religious faith in all aspects of their lives, including their commercial activities as landlords.  Central to their faith is a belief that cohabitation between an unmarried man and an unmarried woman is a sin.  The landlords also believe that facilitating the cohabitation of an unmarried couple is tantamount to committing a sin themselves.  Based on this religious belief, the landlords claim that they have refused to rent to unmarried couples in the past and that they intend to continue to do so in the future."  *Thomas,* 220 F.3d at 1137.  The Ninth Circuit found that the case was not ripe on both constitutional and prudential grounds.

1   prosecution or enforcement under the challenged statute." *Thomas,* 220 F.3d at 1139
2   (citation omitted).

3        Here, plaintiffs' complaint does not contain an articulated "concrete plan" to
4   violate the Reproductive FACT Act.  Rather, plaintiffs allege in conclusory fashion that
5   they "intend to not comply with the Act."  (Complaint, at ¶ 123.)  This is a far cry from
6   alleging a concrete plan to violate the Act necessary to meet the requirements of Article
7   III of the Constitution.  Neither does the complaint allege that the County Counsel has
8   communicated a specific warning or threat to initiate a civil enforcement action against
9   the Fallbrook Pregnancy Resource Center.  Finally, since the Act is not yet effective,
10  plaintiffs do not allege that there is any history of past enforcement.  Therefore, plaintiffs
11  cannot rely on any past history of enforcement to support a contention that the County
12  Counsel is likely to enforce the Reproductive FACT Act against the Fallbrook Pregnancy
13  Resource Center.  Accordingly, under the three prong test articulated by the Ninth
14  Circuit, plaintiffs' complaint does not sufficiently allege "a genuine threat of imminent
15  prosecution."  Therefore, plaintiffs have not satisfied the "case or controversy"
16  requirement of Article III of the Constitution and this Court lacks subject matter
17  jurisdiction over the case.

18        **A.    No Concrete Plan to Violate the Act is Alleged.**

19        In analyzing the first prong of the test -- "whether the plaintiffs have articulated a
20  'concrete plan' to violate the law in question" -- the Ninth Circuit in *Thomas* held that
21  "[t]he Constitution requires something more than a hypothetical intent to violate the law."
22  *Thomas*, 220 F.3d at 1139.  Similarly, the court concluded that "[a] general intent to
23  violate a statute at some unknown date in the future does not rise to the level of an
24  articulated, concrete plan."  *Id.*

25        In this case, plaintiffs allege in conclusory fashion that they "intend to not comply
26  with the Act."  (Complaint, at ¶ 123.)  This allegation is not sufficient.  Plaintiffs have not
27  alleged any **plan** to violate the Reproduction FACT Act, let alone articulated a **concrete**
28  plan to do so.  In *Thomas*, the Ninth Circuit found that "[t]he landlords' expressed

-6-

15cv2277

'intent' to violate the law on some uncertain day in the future – if and when an unmarried couple attempts to lease one of their rental properties—can hardly qualify as a concrete plan." *Id.* at 1140. Here, plaintiffs have not alleged any plan -- concrete or otherwise -- to violate the Reproductive FACT Act.

Therefore, this factor favors a determination that plaintiffs' claims are not ripe for review and this Court lacks jurisdiction to hear them.

### B. No Specific Threat of Enforcement is Alleged.

The second factor looks to whether "the prosecuting authorities have communicated a specific warning or threat to initiate proceedings [against the plaintiffs] . . . ." *Thomas*, 220 F.3d at 1139. Here, plaintiffs do not allege that the County Counsel has threatened to institute a civil action against the Fallbrook Pregnancy Resource Center or any other affiliate of the National Institute of Family and Life Advocates. Rather, plaintiffs allege that the mere "[p]assage of the Act into law represents an imminent, concrete and reliable threat that Defendants will enforce the Act against Plaintiff Facilities." (Complaint, at ¶ 145.) The Ninth Circuit, however, has rejected this position. In *Thomas*, the court stated that the plaintiffs' "argument is essentially another way of saying that the mere existence of a statute can create a constitutionally sufficient direct injury, a position that we have rejected before and decline to adopt now. Rather, there must be a genuine threat of imminent prosecution." 220 F.3d at 1139 (internal quotation marks and citations omitted). Paragraph 147 of the complaint also alleges that "[e]ach and all of the real and threatened enforcement actions alleged of the Defendants . . . were done and are continuing to be done under the color of state law . . . ." However, no real or threatened enforcement actions are alleged in the complaint.

Moreover, the Reproductive FACT Act does not require the County Counsel to institute a civil enforcement action against those who violate the Act in the unincorporated County. The Act provides that the County Counsel "**may** bring an action to impose a civil penalty." (Ex. A to Complaint, at § 123473(a)) (emphasis added). Thus, the mere enactment of the Reproductive FACT Act does not does not mean that

15cv2277

there is a concrete threat that a civil proceeding with be commenced against the Fallbrook Pregnancy Resource Center – the County Counsel may exercise his discretion under the Statute not to file a civil enforcement action.

In *Thomas*, the Ninth Circuit stated that "the threat of enforcement must at least be 'credible,' not simply 'imaginary or speculative.'"  220 F. 3d at 1140 (citation omitted). Here, there are no facts alleged in the complaint indicating that there is a credible threat that the County Counsel will enforce the Reproductive FACT Act against the Fallbrook Pregnancy Resource Center or any other affiliate of the National Institute of Family and Life Advocates.  Plaintiffs allege in conclusory fashion that they "face a credible threat of adverse state action due to the Act."  (Complaint, at ¶ 130.)  The Court should not accept this legal conclusion, however, in ruling on the motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks and citation omitted).  Indeed, other than alleging that the County Counsel has the authority to enforce the Act in unincorporated San Diego County, the complaint is completely devoid of any allegation that the County Counsel has made any threat of enforcement against plaintiffs.

Plaintiffs allege that they "fear the harms of prosecution under the Act if they fail to comply."  (Complaint, at ¶ 126.)  While it's true that the courts "do not always require plaintiffs to await arrest or prosecution before entertaining a challenge to the constitutionality of a statute . . . ," that principle does not apply here.  *Thomas,* 220 F.3d at 1140 (citation omitted).  The Reproductive FACT Act does not authorize the County Counsel to arrest or criminally prosecute violators.  Moreover, plaintiffs would not have to wait until the County Counsel commenced a civil proceeding against them before they would have ripe claims.  Rather, their claims would be ripe if they were commenced after the County Counsel provided the notice of non-compliance required by the Act.  The County Counsel could not commence a civil action against plaintiffs for at least 30 days
///

-8-

1  after the notice of non-compliance was issued, which would give plaintiffs sufficient time

2  to file a lawsuit and seek a temporary restraining order or preliminary injunction.

3       For these reasons, the second factor favors a determination that plaintiffs' claims

4  are not constitutionally ripe for review.

5       **C.    There is No History of Enforcement Under the Act.**

6       "The third factor to be considered is the history of enforcement under the statute."

7  *Thomas*, 220 F.3d at 1140.  In *Thomas*, the Court held that "[u]nlike other cases in which

8  we have **held that the government's 'active enforcement' of a statute rendered the**

9  **plaintiff's fear of prosecution reasonable, here the record of past enforcement is**

10 **limited, was civil only, not criminal,** and in any event was in each case precipitated by

11 the filing of complaints by potential tenants."   220 F. 3d at 1140-41 (citation omitted)

12 (emphasis added).

13      In this case, plaintiff does not allege that the County Counsel has any history of

14 enforcing the Reproductive FACT Act because that Act is new and is not yet effective.

15 Therefore, plaintiffs cannot rely on past history of enforcement to contend that the

16 County Counsel is likely to enforce the Act against the Fallbrook Pregnancy Resource

17 Center.  Further, as discussed above, the Reproductive FACT Act does not authorize the

18 County Counsel to arrest or criminally prosecute violators.

19      Therefore, the third prong of the test also supports the conclusion that plaintiffs'

20 claims are not constitutionally ripe for review.

21      Accordingly, under the three prong test articulated by the Ninth Circuit, plaintiffs'

22 complaint does not sufficiently allege "a genuine threat of imminent prosecution."

23 Therefore, plaintiffs have not satisfied the "case or controversy" requirement of Article

24 III of the Constitution and this Court lacks subject matter jurisdiction over the case.

25 **IV.    THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE**

26 **        TO HEAR PLAINTIFFS' CONSTITUTIONAL CHALLENGE NOW.**

27      Even if plaintiffs could satisfy the constitutional component of the ripeness

28 inquiry, this Court should decline to exercise jurisdiction for prudential reasons.  "In

15cv2277

evaluating the prudential aspects of ripeness, our analysis is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Thomas*, 220 F. 3d at 1141 (citations omitted).

In *Thomas*, the Ninth Circuit held that the constitutional issues raised in that case were "unfit for judicial resolution" because they were "devoid of any specific factual context." 220 F.3d at 1141.  The Ninth Circuit stressed that "'[a] concrete factual situation is necessary to delineate the boundaries of what conduct the government may or may not regulate.'" *Id.*, at 1141 (citation omitted).  According to the Ninth Circuit, "[t]his case is a classic one for invoking the maxim that we do not decide constitutional questions in a vacuum." *Id.* (internal quotation marks and citations omitted.)

Similarly in this case, there is no factual context in which to judge plaintiffs' claims.  Plaintiffs have not failed to comply with the law and no enforcement action has been threatened, let alone taken, against plaintiffs.

As to the second prong, the Ninth Circuit held that "[a]lthough the constitutional and prudential considerations are distinct, the absence of any real or imminent threat of enforcement, **particularly criminal enforcement**, seriously undermines any claim of hardship.  Moreover, by being forced to defend the housing laws in a vacuum and in the absence of any particular victims of discrimination, the State and the City would suffer hardship were we to adjudicate this case now. . . . **If and when an enforcement action is brought against [the plaintiffs], that will be the appropriate time to raise the constitutional arguments.**" *Thomas*, 220 F.3d at 1142 (emphasis added).

In this case, plaintiffs will not suffer any hardship if the Court declines to exercise jurisdiction over this case at this point in time.  As discussed above, plaintiffs cannot be criminally prosecuted for violating the Reproductive FACT Act – only civil penalties may be imposed.  Moreover, plaintiffs do not allege – because they cannot – that the County Counsel has warned or threatened to file a civil enforcement against Fallbrook Pregnancy Resource Center for violating the Reproductive FACT Act.  Further, plaintiffs

15cv2277

would not have to wait until the County Counsel commenced a civil proceeding against them before they could have ripe claims.  Rather, their claims would be ripe if a complaint were filed after the County Counsel provided the notice of non-compliance required by the Reproductive FACT Act.  The County Counsel could not commence a civil action against plaintiffs for at least 30 days after the notice of non-compliance was issued, which would give plaintiffs sufficient time to file a lawsuit and seek a temporary restraining order or preliminary injunction.

The County Counsel, however, would suffer hardship if this lawsuit were adjudicated now because he would be forced to litigate plaintiffs' constitutional claims in a vacuum, without the necessary factual development.

Accordingly, this Court should exercise its discretion and decline to exercise jurisdiction over this case for these prudential reasons.[2]

## V.   CONCLUSION.

Plaintiffs' complaint is not ripe for review.  Therefore, the motion to dismiss should be granted, without leave to amend.

DATED:   Nov. 4, 2015          THOMAS E. MONTGOMERY, County Counsel

By     **s/ Thomas D. Bunton**
THOMAS D. BUNTON, Senior Deputy
Attorneys for Defendant Thomas Montgomery

---

[2] Since the County Counsel does not have authority to enforce the Reproductive FACT Act in the incorporated City of El Cajon, all of Pregnancy Care Center's claims against the County Counsel should also be dismissed because no action of the County Counsel will cause any injury to Pregnancy Care Center.  Similarly the Complaint's Fourth Cause of action is brought only by **licensed** facilities.  The County Counsel only has enforcement authority under the Act against one **unlicensed facility** – Fallbrook Pregnancy Resource Center.  Therefore the County Counsel is not a proper defendant on the fourth cause of action.

-11-

15cv2277