1  Steven E. Boehmer, Esq. (SBN 144817)
   e-mail: sboehmer@mcdougallove.com
2  Nicole Pedone, Esq. (SBN 224316)
   e-mail: npedone@mcdougallove.com
3  McDOUGAL LOVE ECKIS
   BOEHMER & FOLEY
4  8100 La Mesa Blvd., Suite 200
   La Mesa, California 91942
5  Telephone:  (619) 440-4444
   Facsimile:  (619) 440-4907

EXEMPT FROM FILING FEES
PURSUANT TO GOVERNMENT
CODE SECTION 6103

7  Attorneys for Defendant, Morgan Foley, in his official capacity as City Attorney
   for the City of El Cajon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; PREGNANCY CARE CENTER d/b/a PREGNANCY CARE CLINIC, a California corporation; and FALLBROOK PREGNANCY RESOURCE CENTER, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, in her official capacity as Attorney General for the State of California; THOMAS MONTGOMERY, in his official capacity as County General Counsel for San Diego County; MORGAN FOLEY, in his official capacity as City Attorney for the City of El Cajon, CA; and EDMOND G. BROWN, JR., in his official capacity as Governor of the State of California;<br><br>Defendants. | CASE NO. 15-cv-2277 JAH DHB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS VERIFIED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>Date: January 11, 2016<br>Time: 2:30 p.m.<br>Courtroom 13B (13th Floor - Carter/Keep)<br>The Honorable John A. Houston<br><br>Complaint Filed: October 13, 2015 |

CASE NO. 15-CV-2277 JAH DHB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

## TABLE OF CONTENTS

I. Introduction ................................................................................................ 1

II. Factual Background ................................................................................... 2

III. Argument ................................................................................................... 3

    A. Plaintiffs Do Not Have Standing to Challenge the Act; The Lawsuit is Not Ripe for Review ............................................................................... 5

    B. Plaintiffs Have Not Shown A Genuine Threat of Imminent Prosecution and Therefore Fail to Satisfy the Case or Controversy Requirement of Article III of the Constitution…………………………6

    C. Any Constitutional Challenges Against the Act as Applied to Defendant Morgan Foley are Untenable……………………………..7

IV. Conclusion ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*4805 Convoy, Inc. v. City of San Diego*
 183 F.3d 1108, 1111–12 (9th Cir. 1999) .............................................................. 5

*Aladdin's Castle, Inc. v. City of Mesquite*
 630 F.2d 1029, 1037 (5th Cir.1980) ..................................................................... 9

*Arcadia Unified School Dist. v. State Dept. of Education*
 2 Cal.4th 251, 267 (1992) ..................................................................................... 8

*Ayotte v. Planned Parenthood of N. New England*
 546 U.S. 320, 328–30 (2006) ............................................................................... 4

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 554, 555-556 (2007) ......................................................................... 3, 4

*City of Mesquite v. Aladdin's Castle, Inc.*
 455 U.S. 283, 290 n. 12 (1982) ............................................................................ 9

*Foti v. City of Menlo Park*
 146 F.3d 629, 635 (9th Cir. 1998) ....................................................................... 8

*Freeman v. City of Santa Ana*
 68 F.3d 1180, 1187 (9th Cir. 1995) ..................................................................... 8

*Grayned v. City of Rockford*
 408 U.S. 104, 108 (1972) ..................................................................................... 9

*Heller v. Doe by Doe*
 509 U.S. 312, 320 (1993) ..................................................................................... 9

*Hodel v. Indiana*
 452 U.S. 314, 331–332 (1981) ............................................................................. 9

*Ileto v. Glock, Inc.*
 349 F.3d 1191, 1200 (9th Cir. 2003) ................................................................... 4

*Lee v. Los Angeles*
 250 F.3d 668, 688–89 (9th Cir. 2001) ................................................................. 4

*Lopez v. Candaele*
 630 F.3d 775, 787 (9th Cir. 2010) ....................................................................... 5

*Lujan v. Defenders of Wildlife*
 504 U.S. 555, 560–61 (1992) ............................................................................... 5

*Nordlinger v. Hahn*
 505 U.S. 1, 10 (1992) ........................................................................................... 9

*Sabri v. United States*
 541 U.S. 600, 609 (2004). .................................................................................... 4

*Secretary of State of Maryland v. Joseph H. Munson Co.*
  467 U.S. 947, 958 (1984) ...................................................................................5
*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*
  88 F.3d 780, 783 (9th Cir. 1996) ........................................................................3
*St. Clair v. City of Chico*
  880 F.2d 199, 201 (9th Cir. 1989) ......................................................................3
*Tex. Workers' Comp. Comm'n v. Garcia*
  893 S.W.2d 504, 518 (Tex. 1995). ......................................................................4
*Thomas v. Anchorage Equal Right Commission*, 220 F.3d 1134, 1139 (9th Cir. 2000) ..................................................................................................................6, 7
*Tobe v. City of Santa Ana*
  9 Cal.4th 1069, 1084 (1995) ...............................................................................8
*United States v. Salerno*
  481 U.S. 739, 745 (1987) ........................................................................2, 5, 8, 9
*Van Buskirk v. CNN, Inc.*
  284 F.3d 977, 980 (9th Cir. 2002) ......................................................................3
*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*
  455 U.S. 489, 495 (1982) ....................................................................................9
*Wash. State Grange v. Wash. State Republican Party*
  128 S. Ct. 1184, 1190–91(2008) .........................................................................4
*Washington v. Glucksberg*
  521 U.S. 702, 740, n. 7 (1997) ............................................................................2
*White v. Lee*
  227 F.3d 1214, 1242 (9th Cir. 2000) ..................................................................3

<u>Statutes</u>

California Health and Safety Code Section 123470 .................................................3
Federal Rule of Civil Procedure section 12(b)(6) ....................................................3
Federal Rules of Civil Procedure, Rules 12(b)(1) ....................................................1

Defendant, Morgan Foley, in his official capacity as City Attorney for the City of El Cajon ("Foley"), respectfully submits the following points and authorities in support of his motion to dismiss the verified complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6).

## I.

## INTRODUCTION

On October 13, 2015, plaintiffs filed a complaint against Foley, among others, challenging the constitutionality of California Assembly Bill 775, the Reproductive FACT (Reproductive Freedom, Accountability, Comprehensive Care, and Transparency) Act (hereinafter "Act") signed by California Governor Edmund Gerald Brown on October 9, 2015. The Act goes into effect January 1, 2016. The Act is attached as Exhibit A to plaintiffs' complaint.

Plaintiffs are seeking a declaratory judgment and a preliminary and permanent injunction against enforcement of the Act. They seek to prohibit California State, County of San Diego and City of El Cajon from enforcing or attempting to enforce the Act because they claim it is unconstitutional under the California and United States Constitutions. They further claim the Act is impermissibly vague under the Due Process Clause of the Fourteenth Amendment, violates federal statutory law, and generally imposes government compelled speech upon the plaintiff pregnancy centers due to their support for pregnant women, and in ways that undermine the centers' messages.

Plaintiffs' complaint should be dismissed without leave to amend because the lawsuit is not ripe, the plaintiffs lack standing and therefore this Court lacks subject matter jurisdiction under Article III of the United State Constitution. The plaintiffs have not demonstrated injury-in-fact, that the injury in question is fairly traceable to the defendant's challenged action, and that the injury is one that could be redressed by a favorable decision. As a result any as-applied challenge to the Act fails.

Any facial challenge to the Act also fails as plaintiffs improperly sue Foley in his official capacity. Foley, as City Attorney for the City of El Cajon, did not create the Act or enact the Act. Plaintiffs do not allege any invasion of a legally protected interest which is concrete and particularized, actual or even imminent or the likelihood that the injury will be redressed by a favorable decision. In *U.S. v. Stevens*, the Court stated, "To succeed in a typical facial attack, [the respondent] would have to establish "that no set of circumstances exists under which [the statute] would be valid", *United States v. Salerno*, 481 U.S. 739, 745 (1987), or that the statute lacks any "plainly legitimate sweep", *Washington v. Glucksberg*, 521 U.S. 702, 740, n. 7 (1997) (Stevens, J., concurring in judgments) (internal quotation marks omitted).

Plaintiffs' facial challenge to the Act as well as any as-applied challenge to the Act fails as a matter of law as against Foley and thus the complaint should be dismissed without leave to amend.

## II.

## FACTUAL BACKGROUND

Plaintiffs, National Institute of Family and Life Advocates, Pregnancy Care Clinic, and Fallbrook Pregnancy Center are religious not-for-profit corporations that provide medical or non-medical information and services without charge to their clients. (Complt. at ¶¶ 17, 18, 20, 21, 22.) Plaintiff National Institute of Family and Life Advocates is a national organization with 111 affiliates in California. Two of those affiliates are located in the unincorporated County of San Diego area (Complt. at §2.) Plaintiff Pregnancy Care Clinic is incorporated in California with its principal place of business in the City of El Cajon. (Complt. at 20.)

The purpose of the Act "is to ensure that California residents make their personal reproductive health care decisions knowing their rights and the health care services available to them." *See* Exhibit A of complaint. The Act would require a

licensed covered facility to disseminate specific information about programs such as immediate free or low-cost access to comprehensive family planning services, prenatal care, and abortion for eligible women. The Act would also require an unlicensed facility to disseminate a notice to all clients stating, among other things, that the facility is not licensed as a medical facility by the State of California. Finally, the Act would authorize the Attorney General, City Attorney, or County Counsel to bring an action to impose a specified civil penalty against covered facilities that fail to comply with the Act's requirements. *See* Exhibit A of complaint. The Act generally defines what facilities are covered, what information must be disseminated and what the penalties are for violating the Act. *See* Exhibit A of complaint; California Health and Safety Code Section 123470.

## III.

## ARGUMENT

Because standing pertains to federal courts' subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *See St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989); *see also, White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).

Federal Rule of Civil Procedure section 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted. A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 783 (9th Cir. 1996); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555-556 (2007) (allegations must provide plausible grounds to infer that plaintiff is entitled to relief.) A complaint should be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

1 A complaint must contain "more than labels of conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, *supra* at 555. A plaintiff must allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to plausible. *Id.* at 570. Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

There are two types of constitutional challenges, namely "facial" challenges and "as-applied" challenges. A facial challenge is one in which "no application of the statute would be constitutional." *Sabri v. United States*, 541 U.S. 600, 609 (2004). An "as applied" challenged is one "under which the plaintiff argues that a statute, even though generally constitutional, operates unconstitutional as to him or her because of the plaintiff's particular circumstance." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995). Since there has been no application of the Act, no enforcement of the Act and the Act has not gone into effect yet, there cannot be an as-applied challenge.

The law strongly favors as-applied challenges over facial challenges since they are more consistent with the goals of resolving disputes and deferring to the legislative process as much as possible. *See Wash. State Grange v. Wash. State Republican Party*, 128 S. Ct. 1184, 1190–91(2008) (discussing the preference for as-applied challenges to facial challenges). Facial challenges should be used sparingly and only in exceptional cases. *See Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328–30 (2006) (discussing the Court's preference for as-applied challenges). The Supreme Court stated, "a "facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully"

and will only succeed if a litigant can "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

## A. PLAINTIFFS DO NOT HAVE STANDING TO CHALLENGE THE ACT; THE LAWSUIT IS NOT RIPE FOR REVIEW

Regardless of whether a plaintiff raises a facial challenge or an "as-applied" challenge, the plaintiff must still demonstrate standing to bring an action in federal court. Article III standing contains three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).

The first element of the standing inquiry, injury in fact, requires "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, *supra,* at 560 (citations omitted). Plaintiffs must demonstrate that they suffered an "injury" because of the challenged portion of the Ordinance. *Lujan v. Defenders of Wildlife*, *supra*, 504 U.S. at 560. A plaintiff must show that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct." *4805 Convoy, Inc. v. City of San Diego,* 183 F.3d 1108, 1111–12 (9th Cir. 1999). Thus, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties." *Id.* (quoting *Secretary of State of Maryland v. Joseph H. Munson Co.,* 467 U.S. 947, 958 (1984). Because "the Constitution requires something more than a hypothetical intent" to engage in conduct affected by the law, plaintiffs must "articulate a concrete plan" to engage in conduct subject to the law…. *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010).

Plaintiffs' first amended complaint fails to allege facts that demonstrate that they have or will suffer any injury as a result of the challenged portion of the Act

or that the likelihood of any alleged injury will be redressed by a favorable decision. The Act is not even in effect yet; there has been no injury in fact. Because plaintiffs do not allege any invasion of a legally protected interest which is concrete and particularized, actual or even imminent or the likelihood that the injury will be redressed by a favorable decision they do not have standing to challenge the Act.

### B. PLAINTIFFS HAVE NOT SHOWN A GENUINE THREAT OF IMMINENT PROSECUTION AND THEREFORE FAIL TO SATISFY THE CASE OR CONROVERSY REQUIREMENT OF ARTICLE III OF THE CONSTITUTION

There must be "a genuine threat of imminent prosecution." *Thomas v. Anchorage Equal Right Commission*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). "In evaluating the genuineness of a claimed threat of prosecution" the Plaintiffs must articulate a "concrete plan" to violate the law in question and the Court should look to see "whether the prosecuting authorities have communicated a specific warning or enforcement or threat to initiate proceedings" and look at "the history of past prosecution or enforcement under the challenged statute." *See id.* Although the plaintiffs have indicated their intent to violate the law, the *Thomas* Court held that "[t]he Constitution required something more than a hypothetical intent to violate the law" and "[a] general intent to violate a statute at some unknown date in the future does not rise to the level of an articulated, concrete plan." *Id.* at 1139.

There have been no allegations that Foley, as City Attorney for the City of El Cajon, has "communicated a specific warning or threat to initiate proceedings "against the plaintiffs. *See id*. Plaintiffs' argument that mere passage of the Act represents an imminent, concrete and reliable threat that defendants will enforce the Act against plaintiffs has been rejected by the court. This argument is "essentially another way of saying that the mere existence of a statute can create a

constitutionally sufficient direct injury, a position that we have rejected before and decline to adopt now." *See id.* The 9th Circuit reiterated that there must "be a genuine threat of imminent prosecution" and the "the threat of enforcement must at least be 'credible,' not simply 'imaginary or speculative.'" *See id.* at 1139-1140. There are no credible, real or threatened enforcement actions alleged in the complaint.  Additionally, there is no requirement in the Act that the City Attorney institute a civil enforcement action against those who violate the Act; it merely gives them the authority or discretion to do so. *See* Exhibit A to the complaint.

Finally there is no history of enforcement under the statute. Significantly, the *Thomas* Court held "[u]nlike other cases in which we have hold that the government's 'active enforcement' of a statute rendered the plaintiff's fear of prosecution reasonable, here the record of past enforcement is limited, was civil only, not criminal, and in any event was in each case precipitated by the filing of complaints by potential tenants." *See id* 1140-41. The Act is not effective yet and thus there is no history of past enforcement. It also does not authorize the City Attorney to arrest or criminally prosecute any offenders. Under the three prong test articulated by the 9th circuit, plaintiffs do not sufficiently allege "genuine threat of prosecution" and therefore fails to satisfy the "case or controversy" requirement of Article III of the Constitution. Accordingly, this Court lacks subject matter jurisdiction over the case.

C. ANY CONSTITUTIONAL CHALLENGES AGAINST THE ACT AS APPLIED TO FOLEY ARE UNTENABLE

Plaintiffs do not allege they have been injured by any application of the Act as stated above therefore any "as applied" challenged to the Act fails. Similarly, any facial challenge to the Act fails too. Regardless, any facial challenges of the Act cannot be brought against Foley as the City Attorney for the City of El Cajon did not draft the Act or enact it.

"A facial challenge to the constitutional validity of a statute or ordinance considers only the text of the measure itself, not its application to the particular circumstances of an individual." *Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 1084 (1995). "To support a determination of facial unconstitutionality, voiding the statute as a whole, petitioners cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute…. Rather, petitioners must demonstrate that the act's provisions inevitably pose a present total and fatal conflict with applicable constitutional prohibitions." *Arcadia Unified School Dist. v. State Dept. of Education*, 2 Cal.4th 251, 267 (1992). "All presumptions favor the validity of a statute. The court may not declare it invalid unless it is clearly so." *Tobe, supra* at p. 1102. "A facial challenge to a legislative [a]ct is, of course, the most difficult challenge to mount successfully since the challenger must establish that no set of circumstances exists under which the [a]ct would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). A facial challenge is a challenge to an entire legislative enactment or provision. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (explaining that a statute is facially unconstitutional if "it is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad.")

To succeed on a facial challenge under the Equal Protection Clause, the Plaintiffs must show "that no set of circumstances exists under which the [a]ct would be valid." *Salerno, supra* at 745. The first step in an equal protection analysis is to identify the classification of groups. *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir. 1995). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Id.* Based on the class identified, the next step is to determine the appropriate level of scrutiny. *Id.* "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  Under the rational basis test, a "classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993).  "Social and economic legislation . . . that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose.  Moreover, such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Hodel v. Indiana*, 452 U.S. 314, 331–332 (1981).

To survive a void for vagueness challenge, an ordinance or statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  "A law is void for vagueness if persons 'of common intelligence must necessarily guess at its meaning and differ as to its application. . . .'  The offense to due process lies in both the nature and consequences of vagueness." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 290 n. 12 (1982) (quoting *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029, 1037 (5th Cir.1980).  To bring a successful facial challenge outside the context of the First Amendment, "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno,* 481 U.S. 739, 745 (1987); see also *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982) (vagueness challenges to statutes that do not involve First Amendment violations must be examined as applied to the defendant).

Plaintiffs have not demonstrated that the Act's provisions inevitably pose a present total and fatal conflict with applicable constitutional prohibitions as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

required and have improperly suggested hypothetical situations that may possibly arise as to the particular application of the statute. Irrespective, Foley, in his official capacity as City Attorney for the City of El Cajon, is the wrong party to sue under any facial challenge. It is untenable. The City of El Cajon did not write the Act or enact the Act. Thus, the lawsuit should be dismissed against Foley. Nonetheless, Plaintiffs' facial challenge to the Act fails as a matter of law for reasons discussed above.

## IV.

## CONCLUSION

For foregoing reasons, Foley requests that the court dismiss plaintiffs' complaint in its entirety against Foley, without leave to amend.

Dated: November 9, 2015

MCDOUGAL LOVE ECKIS BOEHMER & FOLEY

By: s/ Steven E. Boehmer
    Steven E. Boehmer
    Nicole Pedone
    Attorneys for Defendant, Morgan Foley, in his official capacity as City Attorney for the City of El Cajon