KAMALA D. HARRIS
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
ANTHONY R. HAKL
Deputy Attorney General
State Bar No. 197335
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-9041
  Fax: (916) 324-8835
  E-mail: Anthony.Hakl@doj.ca.gov
*Attorneys for Defendants
Attorney General Kamala D. Harris and
Governor Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA HARRIS, in her official capacity as Attorney General for the State of California, et al.,**<br><br>Defendants. | Case No. 3:15-cv-02277-JAH-DHB<br><br>**DEFENDANT GOVERNOR EDMUND G. BROWN JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: January 11, 2016<br>Time: 2:30 p.m.<br>Dept.: 13B<br>Judge: John A. Houston<br>Trial Date: None<br>Case Filed: October 13, 2015 |

# TABLE OF CONTENTS

Page

Introduction ............................................................................................................. 1
Legal and Factual Background ............................................................................... 1
    I.    AB 775 – the California Reproductive Fact Act ................................... 1
    II.    Procedural History ................................................................................. 2
    III.    Plaintiffs' Complaint ............................................................................. 2
        A.    The Parties .................................................................................. 2
            1.    Plaintiffs ........................................................................... 2
            2.    Defendants ....................................................................... 3
        B.    Plaintiffs' Claims ....................................................................... 3
Argument ................................................................................................................ 4
    I.    Legal Standards Applicable to Rule 12(b) Motions .............................. 4
        A.    Rule 12(b)(1) .............................................................................. 4
        B.    Rule 12(b)(6) .............................................................................. 4
    II.    The Governor is Immune From Suit Under the Eleventh Amendment. ............................................................................................ 5
    III.    Plaintiffs Lack Standing to Bring Their Claims Against the Governor ............................................................................................... 10
Conclusion ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

CASES

*Almond Hill Sch. v. U.S. Dept. of Agric.*
768 F.2d 1030 (9th Cir. 1985) .................................................................. 6

*Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013) .................................................................... 9

*Atascadero State Hosp. v. Scanlon*
473 U.S. 234 (1985) ................................................................................. 5

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) .................................................................... 4

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
896 F.2d 1542 (9th Cir. 1990) .................................................................. 5

*Hishon v. King & Spalding*
467 U.S. 69 (1984) ................................................................................... 5

*Hodgers-Durgin v. De la Vina*
199 F.3d 1037 (9th Cir. 1999) ................................................................ 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1944) ................................................................................. 4

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*
714 F.2d 946 (9th Cir. 1983) ............................................................. 9, 10

*L.A. County Bar Ass'n v. Eu*
979 F.2d 697 (9th Cir. 1992) ................................................................ 6, 9

*Long v. Van de Kamp*
772 F. Supp. 1141 (C.D. Cal. 1991) ........................................................ 7

*Long v. Van de Kamp*
961 F.2d 151 (9th Cir. 1992) ......................................................... 7, 8, 11

*Love v. United States*
915 F.2d 1242 (9th Cir. 1989) .................................................................. 5

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ............................................................................................... 10

*N. Star Int'l v. Arizona Corp. Comm'n*
   720 F.2d 578 (9th Cir. 1983) ................................................................................... 4

*National Audubon Society, Inc. v. Davis*
   307 F.3d 835 (9th Cir. 2002) ................................................................................ 8, 9

*Papasan v. Allain*
   478 U.S. 265 (1986) ................................................................................................. 5

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) ................................................................................................ 5, 6

*Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*
   219 F.3d 895 (9th Cir. 2000) .................................................................................. 10

*Quern v. Jordan*
   440 U.S. 332 (1979) ................................................................................................. 5

*S. Pac. Transp. Co. v. Brown*
   651 F.2d 613 (9th Cir. 1981) .................................................................................. 11

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 1994) ................................................................................. 4

*Snoeck v. Brussa*
   153 F.3d 984 (9th Cir. 1998) ............................................................................. 6, 10

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*
   594 F.2d 730 (9th Cir. 1979) ................................................................................... 4

*United Food & Comm'l Workers Union, Local 751 v. Brown Group, Inc.*
   517 U.S. 544 (1996) ............................................................................................... 10

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*
   454 U.S. 464 (1982) ............................................................................................... 10

# TABLE OF AUTHORITIES
## (continued)

                                              **Page**

*W. Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ............................................................... 5

*Ex parte Young*
    209 U.S. 123 (1908) ........................................................... 6, 8, 10, 11

**STATUTES**

42 U.S.C. § 238n ........................................................................................ 3, 7

Health & Safety Code
    § 123472(a)(1) ............................................................................... 1
    § 123472(b)(1) ............................................................................... 2
    § 123473(a) .................................................................................... 2

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Amendment XI ............................................................................... 1

**COURT RULES**

Federal Rules of Civil Procedure
    12(b)(1) ........................................................................................... 4
    12(b)(6) ........................................................................................... 4

**OTHER AUTHORITIES**

Schwarzer, Tashima & Wagstaffe, *Rutter Group Practice Guide: Fed.*
    *Civil Procedure Before Trial*, § 9:84 (The Rutter Group 2007) ............ 4

# INTRODUCTION

In this action, Plaintiffs seek to enjoin the operation of Assembly Bill No. 775, also known as the Reproductive FACT (Freedom, Accountability, Comprehensive Care, and Transparency) Act, a recently-enacted reproductive health services law that applies to clinics that provide pregnancy-related services. Plaintiffs' complaint names four defendants, including Governor Edmund G. Brown Jr. The Governor, however, is not charged with enforcing the Act against Plaintiffs or anyone else. In fact, there is no connection of any kind between the Governor and Plaintiffs' alleged interests in this case. Given this, he is immune from suit under the Eleventh Amendment to the United States Constitution. Because the Governor is immune from suit, and because Plaintiffs lack standing to maintain this action, the Court should grant his motion to dismiss with prejudice.

# LEGAL AND FACTUAL BACKGROUND

## I. AB 775 – THE CALIFORNIA REPRODUCTIVE FACT ACT

In relevant part, the Act requires a "licensed covered facility," as defined in the Act, to provide to clients on site the following notice:

> California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert the telephone number].

Cal. Health & Safety Code § 123472(a)(1).[1]

Under the Act, an "unlicensed covered facility" is required to "disseminate to clients on site and in any print and digital advertising materials including Internet Web sites" the following notice:

---

[1] All further statutory references are to the California Health and Safety Code unless otherwise indicated.

1

> This facility is not licensed as a medical facility by the State of California and has no licensed medical provider who provides or directly supervises the provision of services.

§ 123472(b)(1).

The Act authorizes various officers to enforce its provisions, but the Governor is not one of those officers. Specifically, the Act provides that "[t]he Attorney General, city attorney, or county counsel may bring an action to impose a civil penalty," after providing a covered facility with notice and an opportunity to come into compliance. § 123473(a).

## II. Procedural History

Plaintiffs filed their complaint on October 13, 2015, four days after the enactment of AB 775. (Doc. no. 1.) On October 21, 2015, they filed a motion for preliminary injunction (Doc nos. 3 & 4), and shortly thereafter this Court issued a briefing schedule. (Doc. no. 5.)

In addition to opposing the motion for preliminary injunction, some of the defendants have filed motions to dismiss. The parties are separately briefing those motions, and the Court is scheduled to hear all pending motions on the same day. The instant motion is brought by the Governor alone.

## III. Plaintiffs' Complaint

### A. The parties

#### 1. Plaintiffs

As described in more detail in the State Defendants' opposition to the preliminary injunction motion, the lead plaintiff in this case is National Institute of Family and Life Advocates ("NIFLA"), a Virginia-based "religious not-for-profit corporation." (Compl. ¶ 17.) NIFLA describes itself as "a national non-profit pro-life membership organization" comprised of member "pregnancy centers" throughout the country, including 111 in California. (*Id.* ¶¶ 2, 18.)

The other two plaintiffs are pregnancy care clinics in California. One is Plaintiff Pregnancy Care Clinic, "a religious not-for-profit corporation" that claims to "provide[] pregnancy-related licensed medical as well as nonmedical information and services without charge to its clients[.]" (Compl. ¶¶ 20, 21.) The other is Plaintiff Fallbrook Pregnancy Center, "a religious not-for-profit corporation" that allegedly "provides pregnancy-related non-medical information and services without charge to its clients[.]" (*Id.* ¶ 22.)

### 2. Defendants

The named defendants include two state officials – the Governor and Attorney General of California – and two local officials – the San Diego County Counsel and the City Attorney of El Cajon. (*See* Compl. ¶¶ 23-26.)

### B. Plaintiffs' claims

Plaintiffs allege three constitutional claims. They assert violations of the Free Speech Clause of the First Amendment, the Free Exercise Clause of the First Amendment, and the Due Process Clause of the Fourteenth Amendment, respectively. (*See* Compl. ¶¶ 153, 173, 183.)

There is also a federal statutory claim under 42 U.S.C. § 238n, which generally prohibits the government from discriminating against health care entities that refuses to provide abortions. Plaintiffs claim that the Act violates the statute "[b]y requiring licensed pregnancy centers to provide contact information to local county social services offices for abortion services." (Compl. ¶ 195.)

The only other claim for relief is a state constitutional claim that alleges the Act violates the Free Speech Clause of the California Constitution. (*See* Compl. ¶¶ 198-217.)

Finally, Plaintiffs seek a declaration that the Act is unconstitutional both on its face and as applied to Plaintiffs, along with a permanent injunction against the enforcement of the Act. (Compl. at 31.) They also seek a declaration that the Act violates 42 U.S.C. § 238n and related orders regarding certain federal funds. (*Id.*)

# ARGUMENT

## I. LEGAL STANDARDS APPLICABLE TO RULE 12(B) MOTIONS

This motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Rule 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted.

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a party to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). The instant Rule 12(b)(1) motion attacks the allegations of the complaint. In such an instance, and similar to the standards applicable to Rule 12(b)(6) motions, the district court must accept the allegations of the complaint as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 1994); Schwarzer, Tashima & Wagstaffe, *Rutter Group Practice Guide: Fed. Civil Procedure Before Trial*, § 9:84 (The Rutter Group 2007).

Where a Rule 12(b)(1) motion is brought, the burden of proof is on the party asserting federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1944); *Thornhill Publ'g Co.*, 594 F.2d at 733.

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and the reasonable inferences that can be drawn from them. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A court generally cannot consider materials outside of the complaint, except for materials submitted as part of the complaint or the contents of which are alleged in the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

## II. THE GOVERNOR IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

The Eleventh Amendment[2] bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276-77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Nor has the State of California waived that immunity with respect to claims brought under section 1983 in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

---

[2] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

"The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (citations omitted); *see Almond Hill Sch. v. U.S. Dept. of Agric.*, 768 F.2d 1030, 1033 (9th Cir. 1985). The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst*, 465 U.S. at 101 (citation omitted). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-02 (citation omitted).

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). For the *Ex parte Young* exception to apply, however, "such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)).

Here, Plaintiffs' allegations indicate that the Governor was named as a defendant simply because he is "the Governor . . . and chief executive of the State of California." (Compl. ¶ 26.) There are no more specific allegations regarding the Governor and how his actions could possibly violate Plaintiffs' First Amendment

6

rights to freedom of speech and freedom of religion. Nor could there be: as laid out above, the Act specifies that "[t]he *Attorney General, city attorney, or county counsel* may bring an action to impose a civil penalty" under the Act. Obviously, the Governor is not included in that list of officials. Nor have Plaintiffs alleged that the Governor intends to enforce the Act.

In connection with the federal statutory claim only, the complaint alleges that the Governor "is responsible for funds that the state has received from the federal government subjecting it to 42 U.S.C. § 238n." (*Id.*) However, even accepting the truth of this allegation for the purposes of the instant motion, Plaintiffs' federal statutory claim against the Governor is premised on the notion that the Governor is responsible for enforcing the disclosure requirements of the Act. *See, e.g.*, Compl. ¶ 194 ("Defendants violated, and continue to violate, 42 U.S.C. § 238n by requiring licensed pregnancy centers . . . to provide contact information for the local county social services office"). But the Governor is simply not responsible for enforcing the Act.

Dismissing the Governor on Eleventh Amendment grounds is firmly supported by Ninth Circuit authority. For example, *Long v. Van de Kamp*, *supra*, arose from searches of a motorcycle shop by deputy sheriffs and members of the California Highway Patrol under a provision in the California Vehicle Code that authorized such searches. *Long v. Van de Kamp*, 772 F. Supp. 1141, 1142 (C.D. Cal. 1991). One of the operators of the shop was arrested in connection with a search. *Long*, 772 F. Supp. at 1142-43. The operators sued challenging the constitutionality of the Vehicle Code provision. *Id.* at 1143. The operators named the Attorney General and sought to enjoin him from enforcing the statute. *Id.* The defendants also included the County of Los Angeles and the individual officers who carried out the searches. *Id.*

In directing the district court to dismiss the Attorney General on Eleventh Amendment grounds, the Ninth Circuit stated that "there must be a connection

7

between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement." *Long*, 961 F.2d at 152. The Ninth Circuit found that the "general supervisory powers" of the state official – there, the Attorney General – did not establish the connection with enforcement required by *Ex parte Young*. *Id.* (citing *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614 (9th Cir. 1981) (as amended)). There also was no threat that the Vehicle Code provision would be enforced by the Attorney General, who "ha[d] not in any way indicated that he intend[ed] to enforce [the provision]." *Id.* "In addition, the searches of plaintiffs' premises were not the result of any action attributable or traceable" to the state official. *Id.* Accordingly, the Ninth Circuit held that "[a]bsent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Id.* (emphasis added).

The circumstances here are similar to those in *Long*. Here, the complaint alleges no connection between the Governor and the enforcement of the Act. There is no threat of enforcement. And the Act authorizes three officials other than the Governor to enforce its provisions once it becomes effective. Thus, there is no "real likelihood" that the Governor will employ any power to enforce the Act against Plaintiffs. *Long*, 961 F.2d at 152.

*National Audubon Society, Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002) likewise supports the dismissal of the Governor. There, the Ninth Circuit considered a challenge to provisions of the California Fish and Game Code, enacted when California voters passed Proposition 4. *Nat'l Audubon Soc'y*, 307 F.3d at 843. In its analysis, the Ninth Circuit considered whether defendants the Governor and the Secretary of Resources of the State of California "ha[d] direct authority and practical ability to enforce the challenged statute[.]" *Id.* at 846. The court held that suit seeking injunctive and declaratory relief was "barred against the Governor and the state Secretary of Resources, as there is no showing that they have the requisite

8

enforcement connection to Proposition 4." *Id.* at 847. In contrast, the court permitted the suit to go forward as to the Director of the California Department of Fish and Game, "who has direct authority over and principal responsibility for enforcing Proposition 4." *Id. See also Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (Governor Brown entitled to Eleventh Amendment immunity from action brought by producers and sellers of foie gras, seeking to enjoin enforcement of statutory provision banning sale of products, since his only connection to provision was his general duty to enforce California law).

    Here, the Governor, like the then-Governor and Secretary of Resources in *National Audubon Society*, is not alleged to have the requisite enforcement connection to the Act. There is not even a suggestion in the complaint that the Governor has either "direct authority over" or "principal responsibility" for enforcing those provisions. *Id.* at 846. In addition, as with the Department of Fish and Game in *National Audubon Society*, other defendants to this action *are* charged with enforcing the Act. The Governor's motion to dismiss must therefore be granted. *See id.* at 846-47. *Compare L.A. County Bar Ass'n*, 979 F.2d at 704 (finding unpersuasive California Governor and Secretary of State's claims of Eleventh Amendment immunity where suit was based on a specific connection of those officers to the challenged statute) *with L.A. Branch NAACP*, 714 F.2d at 953 ("[T]he Governor's general duty to enforce California law under the circumstances of this case does not establish the requisite connection between him and the unconstitutional acts alleged by the NAACP.").

    The Governor's general powers as head of the executive branch are insufficient to establish the required connection to the enforcement the Act. And the express language of the Act specifically authorizes other state and local officials to enforce its provisions. Accordingly, the *Ex parte Young* exception does not apply, and this suit as against the Governor is barred by the Eleventh Amendment.

### III. PLAINTIFFS LACK STANDING TO BRING THEIR CLAIMS AGAINST THE GOVERNOR

To establish a "case or controversy," it is a plaintiff's burden to show as an "irreducible minimum" the following three elements: (1) a concrete "injury in fact"; (2) a causal connection between the injury and defendant's conduct; (3) and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *United Food & Comm'l Workers Union, Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996).

These constitutional requirements are "rigorous." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982). In this case, Plaintiffs cannot meet their heavy burden to show standing because, even assuming an injury in fact (which is not conceded), there is no causation or redressability. The Court therefore lacks jurisdiction over the subject matter. *See Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (standing is a jurisdictional issue).

As an initial matter, any standing analysis is unnecessary in the event the Court were to find this suit barred by the Eleventh Amendment. *See Snoeck*, 153 F.3d at 988 ("Because the Eleventh Amendment bar conclusively ends this dispute we need not address the related issue of standing which the district court found plaintiffs lacked."); *L.A. Branch NAACP*, 714 F.2d at 949 n.3 ("We need not ask the district court on remand to find whether these powers and duties are sufficient to raise a justiciable case or controversy against the Governor in this case, however, since we hold below that he is immune from suit here under the Eleventh Amendment.")

Assuming the Court reaches the standing issue, it must dismiss Plaintiffs' claims against the Governor for essentially the same reasons he is not a properly named defendant under *Ex parte Young*. *See Long*, 961 F.2d at 152; *S. Pac. Transp. Co.*, 651 F.2d at 615. There is no indication in the complaint that the

Governor is charged with enforcing or intends to enforce the Act against Plaintiffs or anyone else. On the contrary, the Act specifies the three officials authorized to enforce its provisions. Thus, any injunction or declaratory relief against the Governor would not redress Plaintiffs' alleged injury. *See Long*, 961 F.2d at 152 ("[A]n injunction against the Attorney General will not forestall such future searches of plaintiffs' property because there is no indication that the Attorney General intends to pursue, or encourage local law enforcement agencies to pursue, such searches[.]"); *see also Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) ("A claim [for declaratory relief] is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citations and internal quotations omitted). For these reasons, the Court must grant the motion to dismiss for lack of subject matter jurisdiction. Plaintiffs lack the required standing to bring their claims against the Governor.

## CONCLUSION

For the reasons set forth above, the Governor respectfully requests that the Court grant his motion and dismiss the complaint in its entirety with prejudice.

Dated: November 13, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
STEPAN HAYTAYAN
Supervising Deputy Attorney General


/s/ *Anthony R. Hakl*
ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant*
*Kamala D. Harris and Edmund G.*
*Brown Jr.*

SA2015105533
12041991.doc

# CERTIFICATE OF SERVICE

Case Name:  National Institute of Family and Life Advocates, et al. v. Kamala Harris, et al.

No.  15-cv-02277-JAH-DHB

I hereby certify that on <u>November 13, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT GOVERNOR EDMUND G. BROWN JR.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 13, 2015</u>, at Sacramento, California.

Tracie L. Campbell
Declarant

*/s/ Tracie Campbell*
Signature

SA2015105533
12041652.doc