UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; PREGNANCY CARE CENTER d/b/a PREGNANCY CARE CLINIC, a California corporation; and FALLBROOK PREGNANCY RESOURCE CENTER, a California corporation,<br><br>  Plaintiffs,<br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General for the State of California; THOMAS MONTGOMERY, in his official capacity as County Counsel for San Diego County; MORGAN FOLEY, in his official capacity as City Attorney for the City of El Cajón; and EDMUND G. BROWN, JR., in his official capacity as Governor of the State of California,<br><br>  Defendants. | Civil No. 15cv2277 JAH(DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br>[Doc. Nos. 8, 19, 25, 26] |

## INTRODUCTION

Currently pending before this Court are Defendants' Xavier Becerra, in his official capacity as Attorney General for the State of California ("Becerra"), Edmund D. Brown, in his official capacity as Governor of the State of California ("Brown"),(collectively, "the State Defendants"), Thomas Montgomery in his official

1 capacity as County Counsel for San Diego County ("the County Defendant"), and
2 Morgan Foley, in his official capacity as attorney for the City of El Cajon ("the City
3 Defendant"), motions to dismiss Plaintiffs' National Institute of Family and Life
4 Advocates d/b/a NIFLA ("NIFLA"), Pregnancy Care Center d/b/a Pregnancy Care Clinic,
5 and Fallbrook Pregnancy Resource Center (collectively, "Plaintiffs") complaint pursuant
6 to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. Nos. 8,
7 19, 25, 26.[1] After a thorough review of the parties' submissions, the Court **GRANTS IN**
8 **PART** and **DENIES IN PART** Defendants' motions to dismiss.

## BACKGROUND

Plaintiff NIFLA is a national network of non-profit pro-life pregnancy centers. Plaintiffs Pregnancy Care Clinic and Fallbrook Pregnancy Resource Center are two similarly classified pregnancy centers located in this judicial district. Plaintiffs filed the instant complaint on October 13, 2015. Plaintiffs challenge the constitutionality of California Assembly Bill 775, known as "the Reproductive FACT Act" ("the Act"), which was signed into law on October 9, 2015. Doc. No. 1.

The Act imposes two professional notice requirements on clinics (such as Plaintiffs) providing pregnancy-related services. The first notice requirement applies to any clinic that is a "licensed covered facility." Cal. Health & Safety Code § 123471(a) & (b). The second notice requirement applies to any "unlicensed covered facility." Id.

Section 123471(a) requires licensed covered facilities to provide the following notice:

> California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception), prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert the telephone number].

Cal.H&S § 123471(a)(1). This notice must be either posted at the facility, printed for distribution to clients, or provided digitally to be read by clients upon arrival.

---

[1] When Plaintiffs originally filed suit, Kamala Harris was California's Attorney General. Since that time, Harris has been elected and sworn in to the United States Senate and Xavier Becerra has been sworn in as the 33rd Attorney General of the State of California. Under Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party. The Court therefore substitutes Becerra for Harris.

Cal. Health & Safety Code §§ 123472(a)(2)(A)-( C).

Section 123471(a) also requires unlicensed covered facilities to clearly and conspicuously "disseminate to clients on site and in any print and digital advertising materials including Internet Web sites" the following notice:

This facility is not licensed as a medical facility by the State of California and has no licensed medical provider who provides or directly supervises the provision of services. Cal. Health & Safety Code § 123472(b)(2)-(3).

Facilities covered under the Act that fail to comply with these requirements are liable for a civil penalty of five hundred dollars ($500) for the first offense and one thousand ($1,000) for each subsequent offense. Cal. Health & Safety § 123473(a). The prosecuting authority, including the Attorney General, city attorney or counsel, "may bring an action to impose a civil penalty" but only if both of the following has been done:

(1) Providing the covered facility with reasonable notice of noncompliance, which informs the facility that it is subject to a civil penalty if it does not correct the violation within 30 days from the date the notice is sent to the facility.
(2) Verifying that the violation was not corrected within the 30-day period described in paragraph (1).

Cal. Health & Safety Code § 123473(a)(1)-(2).

On October 21, 2015, Plaintiffs filed a motion for preliminary injunction. Doc. No. 3. On January 28, 2016, the parties appeared before this Court for a hearing on the motion. Doc. No. 45. On February 9, 2016, the Court denied Plaintiffs' motion for a preliminary injunction. Doc. No. 46. On February 28, 2017, Plaintiffs' filed an appeal to the Court of Appeals for the Ninth Circuit. Doc. No. 47.

On December 28, 2016, the Ninth Circuit affirmed the District Court's decision Doc. No. 59. The panel addressed Appellants' justiciability claims before moving to the merits of Appellants' arguments. (Appellants argued that the Act violated their fundamental rights, including their First Amendment guarantees to free speech and free exercise of religion.)

The panel found Appellant's claims were "constitutionally and prudentially ripe." The panel also determined that the proper level of scrutiny to apply concerning Plaintiffs' free speech claim was intermediate scrutiny for licensed clinics, (which the Act

survived), and with respect to the unlicensed clinics, any level of scrutiny, (which the Act also survived). Doc. No. 59 at 4. The panel ultimately concluded that the Act was a neutral law of general applicability that survived rational basis review. As such, the Ninth Circuit affirmed this Court's decision that Appellants were unable to demonstrate a likelihood of success on the merits of their First Amendment claims.

Currently pending before the Court are Defendants motions to dismiss. Defendant Montgomery filed a motion to dismiss on November 4, 2015. Doc. No. 8. Defendant Foley filed a motion to dismiss on November 9, 2015. Doc. No. 19. Defendant Brown filed a motion to dismiss on November 13, 2015. Doc. No. 25. Defendant Becerra filed a motion to dismiss on November 13, 2015. Doc. No. 26.

## DISCUSSION

I. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the

pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II. Analysis

Defendant Thomas Montgomery ("the County Defendant"), contends that the Court should dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. 8 at 2. Montgomery argues that Plaintiffs' claims are not ripe for review and the Court lacks subject matter jurisdiction over the action. Id. As a result, Montgomery argues that the complaint fails to state a claim upon which relief can be granted. Id.

Defendant Morgan Foley ("the City Defendant"), similarly contends that the Court should dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6). Foley argues that Plaintiffs' lack standing to challenge the Act and that their claims are not ripe for review. As a result, Foley argues the Court lacks subject matter jurisdiction. Doc. 19 at 9. In addition, Foley posits that challenges to the Act cannot be brought against Foley as City Attorney for the City of El Cajon as Foley did not draft or enact the Act. Doc. 19 at 11.

Defendant Edmund D. Brown, in his official capacity as Governor of the State of California ("Brown"), also moves to dismiss the complaint on the grounds it fails to state a claim upon which relief may be granted. Defendant Brown also argues that Plaintiffs' claims are barred by Eleventh Amendment immunity. Doc. 25. Brown contends that the Eleventh Amendment bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. Doc 25 at 10. In addition, Brown argues that the Plaintiffs lack standing to sue the governor as they have not alleged a case or controversy sufficient to meet the requirements of Article III. Id.

Defendant Kamala Becerra, in his official capacity as Attorney General for the State of California ("Becerra"), moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1) on the grounds that the Court lacks jurisdiction over the subject matter because

the issue is not ripe for judicial review. Doc 26.

### I. Ripeness

First, the Court turns to Defendants' ripeness arguments under 12(b)(1). The ripeness doctrine seeks to distinguish matters that are premature for judicial review because the injury is speculative and may never occur from those cases that are appropriate for federal action. *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010), *see also* E. Chemerinsky, Federal Jurisdiction 2.4.1 (4th ed.). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).

Ripeness has both a constitutional and a prudential component. Id. At 1138. Under the constitutional component, the court considers "whether the plaintiffs face a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement," or whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction." Id. At 1139. The constitutional component of ripeness is the same or similar to the injury in fact prong of standing. Id. Prudential ripeness involves "two overarching considerations: the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration." Id. At 1141.

Here, the Court is satisfied that this case is ripe for review. On December 28, 2016, the Ninth Circuit issued its decision on Plaintiffs' appeal of the District Court's denial of Plaintiff's Motion for a Preliminary Injunction. See Doc. No. 59. The Court held that appellants' claims were constitutionally and prudentially ripe, rejecting Defendants' arguments that the claims were not justiciable.

The panel weighed three factors in determining that the case was constitutionally ripe: (1) whether plaintiffs articulated a concrete plan to violate the statute in question; (2) whether the prosecuting authorities communicated a specific warning or threat to initiate proceedings; and (3) the history of past prosecution or enforcement of the

challenged statute. See Doc. 59 at 15. As policy, "[t]hese factors allow for plaintiffs to bring pre-enforcement challenges to laws that they claim infringe their fundamental rights." Id.

The panel reasoned that Plaintiffs' pre enforcement challenge was appropriate because Appellants explicitly stated they will not comply with the Act. The Court noted this "pledge of disobedience" has been made though Appellants are aware that violators of the Act are subject to civil penalties. In addition, the Court noted that the Attorney General had not stated that she would not enforce the Act. Further, because the Act did not go into effect until January 1, 2016, approximately one month before the District Court heard the motion for a preliminary injunction, appellants were unable to demonstrate a significant history of enforcement.

The Court also reasoned that the case was prudentially ripe. The Court held that two factors merited consideration in determining prudential ripeness : (1) the fitness of the issues for judicial discretion and (2) hardship to the parties if the it were to withhold jurisdiction.

The Court held that here, both factors favored a finding of prudential ripeness. Id. The Court noted that "this action turns on a question of law." Id. "Appellants seek to enjoin the enforcement of the Act on the grounds that it is unconstitutional. We require no further factual development." Id. In addition, the Court held the parties would face significant immediate hardships should the Court decline to exercise jurisdiction. Id. As the Court noted, "without a decision, Appellants must continually choose between obeying the law or following their strongly held convictions about abortion, and the AG will have to choose whether or not to enforce a law without the benefit of a ruling on its constitutionality." Id.

Accordingly, in following the Ninth Circuit's holding that the action is both prudentially and constitutionally ripe, the Court's **DENIES** Defendants' motions to dismiss under 12(b)(1).

## II. Standing

Next, the Court addresses Defendants arguments under the standing doctrine of 12(b)(1). A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing has three elements. *LSO*, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.,* "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976))(alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1). *Nichols v. Brown*, 859 F. Supp. 2d 1118. 1127 (C.D. Cal. 2012).

The doctrines of "standing and ripeness are closely related, in that the application of either is intended to "prevent courts from becoming enmeshed in abstract questions which have not contritely affected the parties." *Pence v. Andrus*, 586 F.2d 733, 737 (9th Cir. 1978); *Pac. Legal Found. v. State Energy Res. Conservation & Dev. Comm'n*, 659 F.2d 903, 915 (9th Cir. 1981), *aff'd sub nom. Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 103 S. Ct. 1713, 75 L. Ed. 2d 752 (1983).

Here, two Defendants make claims under the standing doctrine of 12(b)(1). First, Defendant Foley argues that Plaintiff's lack standing to sue because Plaintiffs' complaint fails to allege facts that demonstrate that they have suffered or will suffer any injury as a result of the challenged portion of the Act or that the likelihood of any alleged injury will be redressed by a favorable decision. Doc. 19 at 10. Defendant Foley argues that there has been no injury in fact that is concrete and particularized or actual or imminent. Id. In addition, Defendant Foley argues that there must be a genuine threat of imminent prosecution. Foley also argues that any facial challenges to the act cannot be brought against Foley as the City Attorney for the City of El Cajon as he did not draft or enact the Act. Doc. 19 at 6.

Defendant Brown argues that Plaintiff lacks standing to sue Brown in his official capacity as governor of the State of California. Brown argues that "the Eleventh Amendment bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress." Doc. No. 25 at 10. Brown contends the Eleventh Amendment bars suits against state officials when the "state is a real, substantial, party in interest." Id. Brown posits that a limited exception under *Ex Parte Young* applies when "such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, thereby attempting to make the State a party." 209 U.S. 123 (1908), Id.

Brown points to Plaintiffs' complaint, which names him as a party "simply because he is the Governor...and chief executive of the State of California." Compl 26. Brown argues that Ninth Circuit case law supports dismissing the action against him. Brown argues that in *Long v. Van de Kamp, supra*, the operators of a motorycle shop sued the Attorney General, seeking to enjoin him from enforcing the statute. The Ninth Circuit directed dismissal on the basis of the Eleventh Amendment, noting that a connection, or threat of enforcement, must exist between the official sued and enforcement of the allegedly unconstitutional statute. *Long*, 961 F.2d at 152.

Defendant Brown argues that here, the circumstances are similar to *Long*. The complaint, Defendant argues, alleges no connection between the Governor and enforcement of the Act. Defendant posits that the Act authorizes three officials other than the Governor to enforce its provisions once it becomes effective.[2]

This Court finds that, echoing the panel's reasoning, Appellants have alleged standing sufficient to meet the threshold justiciability prong laid out in *Lujan v. Defenders of Wildlife* 504 U.S. 555(1992). Much like the doctrine of ripeness, the standing doctrine requires the Court to analyze whether there has been a direct injury. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) ("measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing" *citing* Gene R. Nichol, Jr., *Ripeness and the Constitution,* 54 U. Chi. L.Rev. 153, 172 (1987)).

Here, the panel noted that pre-enforcement challenges have long been recognized, a lack of enforcement history does not compel a lack of genuine threat of imminent prosecution, and the parties face immediate and significant hardship as "appellants must routinely choose between holding fast to their firmly held beliefs about abortion or complying with the Act." Doc. 59 at 15, 17. Therefore, this Court finds that Appellants have alleged standing sufficient to challenge the Act.

As to Defendant Foley, this Court finds that Foley is a proper Defendant. Foley posits that as the City Attorney for the City of El Cajon, he did not draft or enact the Act, and as a result is not a proper defendant. However, the Ninth Circuit noted that "the Act grants the City Attorney the power to enforce the Act...The City Attorney, therefore is a proper defendant." Doc 59 at 12, fn. 2.

As to Defendant Brown, this Court agrees with Brown and finds that he is not a proper defendant. Unlike the case of Defendant Foley, Plaintiffs allege no specific

---

[2] Defendant Brown also argues that there is no threat of enforcement. Per the Ninth Circuit's decision, this Court disagrees.

connection between Defendant Brown and enforcement of the Act. The Court finds there is no threat of enforcement sufficient to name Brown as a proper defendant, or to find an exception akin to that of *Ex Parte Young*. Brown does not enforce the Act and does not stand to do so in the future. Brown's general responsibility to enforce California laws as its Governor does not give rise to the requisite enforcement connection needed to name him as a Defendant. *Nat'l Conference of Pers. Managers, Inc. v. Brown*, 690 F. App'x 461, 463 (9th Cir. 2017)

## CONCLUSION AND ORDER

1) Motions to dismiss filed by Defendants' Becerra, Montgomery, and Foley (Doc. Nos. 8, 19, 26) are DENIED;

2) Defendant Brown's motion to dismiss (Doc. No. 25) is GRANTED;

3) The remaining Defendants' shall file an answer to the Complaint within the next forty-five (45) days from the date of this Order.

Dated: September 29, 2017

JOHN A. HOUSTON
United States District Judge