XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General
California State Bar No. 184162
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone: (213) 269-6246
 Fax: (213) 897-5775
 E-mail:  Jonathan.Eisenberg@doj.ca.gov
*Attorneys for Defendant Xavier Becerra, Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES dba NIFLA, a Virginia corporation; PREGNANCY CARE CENTER dba PREGNANCY CARE CLINIC, a California corporation; and FALLBROOK PREGNANCY RESOURCE CENTER, a California corporation,**<br><br>                                    Plaintiffs,<br><br>    v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; THOMAS MONTGOMERY, in his official capacity as County Counsel for San Diego County; MORGAN FOLEY, in his official capacity as City Attorney for the City of El Cajon, CA; and EDMUND G. BROWN, JR., in his official capacity as Governor of the State of California,**<br><br>                                    Defendants. | 3:15-cv-02277-JAH-DHB<br><br>**STIPULATION -- AND JOINT REQUEST FOR COURT ORDER -- REGARDING THE PARTIES' SETTLEMENT OF PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:         Hon. John A. Houston<br>Trial Date:   N/A<br>Case Filed:  Oct. 13, 2015 |

1    Plaintiffs National Institute of Family and Life Advocates, Pregnancy Care
2  Center, and Fallbrook Pregnancy Resource Center, on one hand, and Defendant
3  Xavier Becerra, Attorney General of the State of California, sued in his official
4  capacity, on the other hand, agree and stipulate as follows:

## BACKGROUND

6    A.   On October 13, 2015, Plaintiffs filed the complaint in this lawsuit.

7    B.   On October 21, 2015, Plaintiffs moved this Court for a preliminary
8  injunction against enforcement of the Reproductive FACT Act, California Health
9  and Safety Code section 123470, et seq. (the "Act").  On November 13, 2015,
10 Defendant filed opposition to the motion.  (Other defendants also filed their own
11 oppositions to the motion.)  On November 20, 2015, Plaintiffs filed a reply in
12 support of the motion.  On January 28, 2016, the Court held an oral argument of the
13 motion.  On February 9, 2016, the Court issued a ruling denying the motion.

14   C.   On February 18, 2016, Plaintiffs filed in the U.S. Court of Appeals, Ninth
15 Circuit, a notice of appeal of this Court's ruling denying the motion for a
16 preliminary injunction.  On March 17, 2016, Plaintiffs filed their opening brief on
17 the appeal.  On April 14, 2016, Defendant filed an answering brief.  On April 28,
18 2016, Plaintiffs filed their reply brief.  On June 14, 2016, the Ninth Circuit held an
19 oral argument of the appeal.  On October 14, 2016, the Ninth Circuit issued a ruling
20 affirming this Court's ruling.

21   D.   On March 20, 2017, Plaintiffs filed in the U.S. Supreme Court a petition
22 for a writ of certiorari regarding the Ninth Circuit's ruling that affirmed this Court's
23 ruling denying Plaintiffs' motion for a preliminary injunction.  On May 24, 2017,
24 Defendant filed an opposition brief.  On June 5, 2017, Plaintiffs filed a reply brief.
25 On November 13, 2017, the Supreme Court granted the petition for a writ of
26 certiorari.

27   E.   On January 8, 2018, Plaintiffs filed in the Supreme Court the opening
28 merits brief of the appeal, regarding the Ninth Circuit's ruling that affirmed this

Court's ruling denying Plaintiffs' motion for a preliminary injunction. On February 20, 2018, Defendant filed an opposition brief. On March 13, 2018, Plaintiffs filed a reply brief. On March 20, 2018, the Supreme Court held an oral argument of the appeal. On June 26, 2018, the Supreme Court issued an order reversing the Ninth Circuit's ruling and remanding to the Ninth Circuit.

F.   On August 28, 2018, the Ninth Circuit reversed in part and vacated in part its October 14, 2016, ruling that affirmed this Court's ruling denying Plaintiffs' motion for a preliminary injunction, and remanded to this Court.

G.   On October 26, 2018, Plaintiffs and Defendant submitted to this Court a stipulation for Defendant to be permanently enjoined from enforcing the Act, and for other relief for Plaintiffs. On that same day, the Court entered an order permanently enjoining Defendant from enforcing the Act, and granting other relief to Plaintiffs.

**RESOLUTION OF ISSUE OF ATTORNEY FEES AND COSTS**

1.   Plaintiffs and Defendant have reached an agreement regarding attorneys' fees and costs, as follows, and therefore jointly request that the Court enter the attached proposed order, which is necessary to effectuate the settlement:

2.   Defendant has had an adequate opportunity to inspect the billing records, cost invoices, and qualifications of Plaintiffs' counsel, and Defendant agrees with Plaintiffs that the sum of $958,535.80, without interest, is a reasonable recovery for Plaintiffs' attorneys' fees and costs in this matter.

3.   Defendant shall pay to Plaintiffs the sum of $958,535.80, as and for reasonable attorneys' fees and costs in this matter (hereinafter the "Settlement Sum"), via warrant payable to "Alliance Defending Freedom."

4.   To obtain funds in the amount of the Settlement Sum to pay same, Defendant shall take all necessary and reasonable measures to ensure that the Settlement Sum is listed on the next claims bill ("Claims Bill"), for California Department of Justice claims, submitted in the California Legislature, said

1  measures including seeking California Department of Finance approval of the
2  Settlement Sum for inclusion on a Claims Bill within 14 business days of entry of
3  this Court's order reflecting this settlement agreement.  Defendant agrees to keep
4  Plaintiffs apprised of the Claims Bill's progress, and to act in good faith to facilitate
5  the Claim Bill's enactment as soon as practicable.

6      5.    The submission of the Settlement Sum in the Claims Bill cannot be made
7  without an order of this Court requiring Defendant to pay the Settlement Sum.

8      6.    Defendant shall seek issuance of a warrant from the California State
9  Controller to pay the Settlement Sum on or before the date 14 business days after
10 the enactment by the California Legislature and the signing into law by the
11 California Governor of the Claims Bill.

12     7.    As soon after the issuance of the warrant as reasonably possible, because
13 the warrant will be sent from the California State Controller first to the California
14 Department of Justice for further processing, the Settlement Sum shall be sent to
15 the Arizona office of the undersigned counsel for Plaintiffs, at 15100 North 90th
16 St., Scottsdale, AZ  85260, via a trackable mail service, such as U.S. Postal Service
17 Priority Mail.  Promptly upon dispatch, Defendant shall confirm the mailing of the
18 warrant in writing to Plaintiffs' counsel, and shall provide the tracking information
19 to Plaintiffs' counsel.

20     8.    If the Settlement Sum is sent to counsel for Plaintiffs on or before
21 September 6, 2019, Plaintiffs' receipt and successful negotiation of the warrant for
22 the Settlement Sum will completely satisfy Defendant's obligation to pay attorneys'
23 fees and costs in this matter (provided that if, after the warrant is mailed by
24 Defendant, Plaintiffs notify Defendant in writing that the warrant was not received
25 by Plaintiffs, then Defendant shall move expeditiously to have a replacement
26 warrant prepared and sent to Plaintiffs as per paragraph 7, above).

27     9.    If for any reason whatsoever (including failure of the California
28 Legislature to enact the Claims Bill) Defendant fails to send the Settlement Sum to

the Arizona office of the undersigned counsel for Plaintiffs by September 6, 2019, then Plaintiffs shall be entitled to a Consent Judgment against Defendant for the sum of $958,535.80.  Plaintiffs and Defendant shall jointly submit such a Consent Judgment to the Court on or before September 20, 2019.

10.   If any additional litigation becomes necessary to enforce the terms of this settlement agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, and interest.

11.   This settlement agreement contains the entire agreement between the Plaintiffs and Defendant.

Dated:  March 6, 2019                                         Respectfully submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General

*s/ Jonathan M. Eisenberg*

JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra, Attorney General of the State of California*

Dated:  March 6, 2019                                         Respectfully submitted,

ALLIANCE DEFENDING FREEDOM

*s/ Kevin H. Theriot*

KEVIN H. THERIOT
*Attorneys for Plaintiffs National Institute of Family and Life Advocates, Pregnancy Care Center, and Fallbrook Pregnancy Resource Center*